UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RICK SHAFER, individually and on behalf of all others similarly situated, | CLASS ACTION |
| Plaintiff, | Case No. |
| vs. | JURY TRIAL DEMANDED |
| TOYOTA OF BOARDMAN, | |
| Defendant. | |
| _____/ | |

**CLASS ACTION COMPLAINT**

1. Plaintiff, Rick Shafer ("Plaintiff"), brings this action against Defendant, TOYOTA OF BOARDMAN ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**NATURE OF THE ACTION**

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

3. Defendant is an automobile dealership based out of Boardman, Ohio.

4. To promote its services, Defendant engages in aggressive unsolicited telemarketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products and services without regards to consumers' rights under the TCPA and after consumers opt out from further messages from Defendant.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6.     Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

7.     Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant's headquarters are located in this District, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services from within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.  Further, Defendant's tortious conduct against Plaintiff occurred from within the Northern District of Ohio and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals from within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the Northern District of Ohio.

## PARTIES

8.     Plaintiff is a natural person who, at all times relevant to this action, was a resident of Allegheny County, Pennsylvania.

9.     Defendant is an Ohio company whose principal address is located at 8250 Market St, Boardman, OH 44512.

10.    Defendant directs, markets, and provides its business activities throughout the State of Ohio.

11.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

12.     Beginning at least on October 29, 2024 (as shown below), Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff' residential telephone number ending in 1491 ("1491 Number"):



13. That same day, on or about October 29, 2024, Plaintiff to responded to Defendant's 330-502-5647 number with the message "Do not call or text me," using standard opt out language, in an attempt to opt-out of any further text message communications with Defendant.

14. As shown above, Defendant confirmed receipt of Plaintiff's opt out by responding to Plaintiff's message with a "👌" emoji.

15. Despite Plaintiff's unequivocal opt-out request and Defendant's subsequent opt-out confirmation, Defendant ignored Plaintiff's opt-out request and continued to bombard Plaintiff with more unwanted telemarketing text messages, beginning again on November 14, 2024 from Defendant's 330-286-6140 number, as shown below:



16. Yet again, Plaintiff attempted to opt out that same day, responding with "Stop" which was immediately confirmed by Defendant, as shown above.

17. For a third time, Defendant continued to bombard Plaintiff with subsequent text messages, beginning again on January 30, 2025, from Defendant's 330-565-9213 number as shown below:



18. These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt-out of future communications are honored within a reasonable time.

19. For example, these facts suggest that Defendant has failed to maintain a master opt-out list and/or failed to maintain internal policies to sufficiently honor the opt-out requests made by Plaintiff and the Class members.

20. Plaintiff's and the class members' opt-out requests were not honored within a reasonable time from when the opt-out request was made.

21. Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

22. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in Defendant's property, goods, or services, i.e., Defendant's automobile sales.

5

23. The information contained in the text message advertises Defendant's various promotions, which Defendant sends to promote its business.

24. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

25. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(2).

26. Defendant sent subject texts from within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

27. Defendant's texts were not made for an emergency purpose or to collect on a debt owed to the United States, pursuant to 47 U.S.C. § 227(b)(1)(B).

28. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted.

29. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages.

30. To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that extent was expressly revoked on at least October 29, 2024, when Plaintiff responded to Defendant with the message "Do not call or text me."

31. Plaintiff has no existing business relationship with Defendant.

32. Plaintiff is the subscriber and sole user of the 1491 Number and is financially responsible for phone service to the 1491 Number.

33. Plaintiff's 1491 Number is his residential telephone number used for personal purposes. Plaintiff's 1491 Number is his primary way of being contacted in his home.

34. Plaintiff registered his 1491 Number with the national do-not-call registry on October 19, 2025, and has been registered at all times relevant to this action.

35. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

36. The text messages originated from telephone numbers 330-502-5647, 330-286-6140 and 330-565-9213 numbers which upon information and belief are owned and operated by Defendant or on behalf of Defendant.

37. On information and belief, Defendant sought a financial benefit from the telemarketing text messages it placed to Plaintiff and the putative class members, as it attempted to derive business from these messages.

38. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

39. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

40. Plaintiff brings this case on behalf of the following Classes defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of promoting Defendant's products and services; and (5) for whom Defendant claims (a) it did not**

>obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.
>
>**National Internal Do Not Call Class**: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf, to said person's residential telephone number *after* making a request to Defendant to not receive future text messages.

41. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

42. Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United States who are registered on the Do Not Call registry. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

43. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

44. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   a) Whether Defendant violated 47 C.F.R. § 64.1200(c);

   b) Whether Defendant violated 47 C.F.R. § 64.1200(d);

   c) Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

    d) Whether Defendant keeps records of text recipients who revoked consent to receive texts;

    e) Whether Defendant has any written policies for maintaining an internal do not call list;

    f) Whether Defendant's conduct was knowing and willful;

    g) Whether Defendant violated the privacy rights of Plaintiff and members of the class;

    h) Whether Defendant is liable for damages, and the amount of such damages; and

    i) Whether Defendant should be enjoined from such conduct in the future.

45. The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services and to consumers after they had requested to be opted out are accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

46. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

47. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

48. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class

resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

49. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

50. Plaintiff repeats and realleges the paragraphs 1 through 49 of this Complaint and incorporates them by reference herein.

51. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

52. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

53. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

54. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

55. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

56. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

57. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## COUNT II
### VIOLATION OF 47 U.S.C. § 227(c)(2)
**(Individually and on behalf of the National Internal Do Not Call Class)**

58. Plaintiff re-alleges and incorporates paragraphs 1-49 as if fully set forth herein.

59. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were

11

promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

60. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

61. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

62. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

63. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

64. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

65. Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

66. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

67. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

68. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

69. Plaintiff and the National Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

   a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

   b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) An order declaring that Defendant's actions, set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemizations associated with the allegations herein, including all records, lists, electronic databases, or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: May 8, 2025

**Shamis & Gentile, P.A.**
*/s/ Andrew Shamis*
Andrew J. Shamis, Esq.
Ohio Bar No. 100846
ashamis@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Class*