**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICK SHAFER, | ) | CASE NO. 4: 25-CV-00941-BMB |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT'S MOTION FOR** |
| TOYOTA OF BOARDMAN, | ) | **JUDGMENT ON THE PLEADINGS** |
| | ) | |
| Defendant. | ) | |

Now comes Defendant, Toyota of Boardman ("Toyota"), by and through counsel, and hereby respectfully moves this Honorable Court, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Civ. R."), for judgment on the pleadings on all claims asserted in Plaintiff's Complaint. Based on a recent line of caselaw that has been developing since Plaintiff's Complaint was filed, district courts have clarified and drawn a distinction that the type of text messages, which are the subject of Plaintiff's Complaint, do not fall under the purview of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), where those communications seek to make a purchase *from* the customer, rather than solicit the sale of goods or services *to* the customer as required to state a claim under the TCPA.

A Memorandum in Support is attached hereto, made a part hereof, and incorporated by reference as if fully rewritten herein.

Respectfully submitted,

/s/ Matthew M. Ries

Matthew M. Ries (#0083736)
HARRINGTON, HOPPE & MITCHELL, LTD.
108 Main Ave. SW, Suite 500
Warren, OH 44481
Tel. 330-392-1541
Email: mries@hhmlaw.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on November 26, 2025, I electronically filed the foregoing paper with the Clerk of Court using the ECF System, which will send notification of such filing to all counsel of record.

/s/ Matthew M. Ries
Matthew M. Ries (#0083736)
HARRINGTON, HOPPE & MITCHELL, LTD.

**MEMORANDUM IN SUPPORT**

## I. INTRODUCTION

Plaintiff Rick Shafer filed this lawsuit against Toyota of Boardman as a putative class action, pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").

Plaintiff alleges that he received several text messages encouraging him to sell his car. Plaintiff contends that those text messages violate the TCPA. But Plaintiff's claims fail at the outset because the text messages he received do not qualify as a "telephone solicitation" within the meaning of the TCPA and its implementing regulations. The relevant provision of the TCPA, Section 227(c), makes clear that unless the challenged communication is a "telephone solicitation," it is not actionable.

Here, a plain reading of the text messages in Plaintiff's Complaint confirm that the sender expressed an interest in purchasing Plaintiff's 2018 Camry. As a matter of law, these text messages do not amount to a "solicitation." Recently, numerous district courts have recognized the distinction between a business contacting an individual *to buy* something from that individual vs. *to sell* something to that individual – with the former falling outside the statutory parameters of the TCPA based the statutory definition of "telephone solicitation". The reasoning behind these court decisions is on all fours with this case and warrants the same result: dismissal of Plaintiff's Complaint.

## II. STATEMENT OF THE CASE

Plaintiff is a Pennsylvania resident who alleges that his cell phone number has been registered with the Do Not Call Registry since October 19, 2025. (Plt's Complt. ECF No. 2, at ¶34.)

Plaintiff alleges that Toyota violated the TCPA when its employees sent the following text messages attempting to buy back Plaintiff's 2018 Camry:












(Plt's Complt. ECF No. 2, at ¶¶ 12, 15, and 17.)

These are the only text messages that are the subject of Plaintiff's Complaint. Taking the factual allegations in Plaintiffs' Complaint as true, these text messages do not promote the sale of a product or service to Plaintiff, but rather, they are inquiries in which Toyota is seeking to buy back Plaintiff's 2018 Camry. As discussed below, a company's communications to a customer seeking to buy something from that customer do not fall within the purview of the TCPA.

## II. LAW AND ARGUMENT

### A. Judgment on the Pleadings under Civ. R. 12(c) – Legal Standard

A motion for judgment on the pleadings may be made once the pleadings have closed and, in a manner, so as not to delay the trial. *Ford v. New Century Mortg. Corp.*, 797 F. Supp. 2d 862, 867 (N.D. Ohio. 2011), citing Fed. R. Civ. P. 12(c)[1].

A motion for judgment on the pleadings under Civ. R. 12(c) is analyzed just as a motion to dismiss under Civ. R. 12(b)(6). *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008); *EEOC v. J. H. Routh Packing Co.*, 246 F.3d 850, 851(6th Cir. 2001); *Glenn v. Frenchko*, 642 F. Supp. 3d 633, 636 (N.D. Ohio. 2022).

To overcome such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A motion for judgment on the pleadings should be granted when there is no material issue of fact and the moving party is entitled to judgment as a matter of law. *Tucker*, 539 F.3d at 549.

The Complaint must set forth more than bare legal conclusion; legal conclusions and unwarranted factual inferences will not be accepted as true or be afforded liberal review. *Eberhard Architects, LLC v. Bogart Architecture, Inc.*, 314 F.R.D. 567, 571 (N.D. Ohio 2016); see *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009). ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") If a complaint fails to allege enough facts to support a legal theory, the complaint should be dismissed. *M&M Bar Corp. v. Northfield Ins. Co.*, 260 F. Supp. 3d 895, 899 (N.D. Ohio. 2017) citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570.

---

[1] The parties' deadline to amend the pleadings was November 18, 2025.

### B. Plaintiff's Claims Should Be Dismissed Because He Fails to Plausibly Allege that the Text Messages Were Solicitations Actionable under the TCPA

To state a claim under the TCPA and its implementing regulation, 47 C.F.R. § 64.1200(c), Plaintiff must allege that he received more than one "telephone solicitation" within a 12-month period to a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 U.S.C. § 227(c)(5). The statute and regulations define "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15)[2].

An offer to buy simply does not fall within the statutory definition of "solicitation" because it is not a communication "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person ...." See 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15).

Numerous district courts have recently held that the TCPA does not encompass a situation where an initiating caller is offering to buy something from the other party.

1. In *Coffey v. Fast Easy Offer LLC*, 2025 U.S. Dist. LEXIS 106786, (D. Ariz. June 5, 2025), the plaintiff was on the National Do Not Call Registry and received unwanted text messages seeking to buy her home. *Id.* at *3. The initial text sent to the plaintiff read: "Hello Vickey, this Yannick the home buyer. Have you given up on selling your ... property?" *Id.* A second text read: "Have you given up on selling your property?" *Id.* The plaintiff filed a class action lawsuit, claiming that the text messages constituted "telephone solicitations" in violation

---

[2] Similarly, the TCPA's implementing regulations similarly define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services being offered." C.F.R. § 64.1200(f)(13)).

of the TCPA. *Id*. The *Coffey* court granted the defendant's motion to dismiss because the text messages offering to purchase the plaintiff's home were not "solicitations" under the TCPA. *Id*. at *14. In doing so, the court recognized the key distinction between "offers to buy" and traditional solicitation messages. *Id*. at *6. The court expressed sympathy to the plaintiff's "skepticism regarding this buying/selling distinction, especially where the end result is the same: Defendants make money off Plaintiff." *Id*. at *12. But the *Coffey* court concluded that: "The calls and texts therefore cannot constitute 'solicitations' within the plain statutory meaning of the term, and it is this statutory meaning that must carry the day. Ultimately, Plaintiff's 'quarrel is with Congress, which did not define' solicitation 'as malleably as she would have liked. This Court cannot rewrite what Congress wrote simply to make the outcome fairer to Plaintiff." *Id*. at *13.

2. In *Aussieker v. Aghazadeh*, No. 2:25-cv-0888 TLN AC (PS), 2025 LX 266667, at (E.D. Cal. July 18, 2025), the plaintiff filed a class action lawsuit, claiming TCPA violations after receiving various text messages from the defendant asking to give a proposal on the plaintiff's home and touted the services offered by the defendant. *Id*. at *2. Plaintiff claimed that these text messages constituted "solicitations" under the TCPA and alleged further violations as she was on the National Do Not Call Registry. *Id*. at *1. The court granted the defendant's motion to dismiss on the grounds that the text messages were not "solicitations" under the TCPA because they were offering to make a purchase from the plaintiff, rather than sell a good or service. *Id*. at *11. The court reasoned that "Unsolicited offers to buy may indeed be as unwelcome and intrusive as are unsolicited offers of property, goods or services for sale—but Congress addressed only the latter problem in the TCPA. The court lacks the authority to

construe the statute more broadly that its language permits in order to address the harm plaintiff seeks to redress." *Id.* at *10.

3. In *Edelsberg v. Vroom, Inc.*, 2018 U.S. Dist. LEXIS 50420, *16 (S.D. FL. March 27, 2018), the plaintiff sued a used car dealership in a putative class action for alleged violations of the TCPA, after receiving the following text message: "Hi Mark, I am Scott at Vroom. I saw you listed your Prius online & can make an offer but need you to fill out a few more details (takes 4 mins) http://go.vroom.com/syc/6C9179 . Text STOP to Quit." *Id.* at *5. The court dismissed the TCPA claim because the text message was not a solicitation and did not constitute telemarketing as the message was sent by the dealership to express its interest in purchasing the advertised vehicle – not to sell anything to the plaintiff. *Id.* at *12. In dismissing the TCPA claim, the district court reasoned that, although a text message may ultimately lead to a future purchase by the recipient, that potential outcome is too attenuated from the purpose of the initial communication to render the text a telemarketing message, citing *Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991* ("2005 FCC Order"), 20 FCC Rcd. 3788, 3794 n.39 (2005) ("caller responding to a classified ad would not be making a telephone solicitation, provided the purpose of the call was to inquire about or offer to purchase the product or service advertised, rather than to encourage the advertiser to purchase, rent or invest in property, goods or services.") *Id.* at *12.

4. In *Hulsey v. Peddle, LLC*, 2017 U.S. Dist. LEXIS 221988, (C.D. Cal. Oct. 23, 2017), the plaintiff, who is on the National Do Not Call Registry, sued a company, which purchased junk vehicles, for alleged violations of the TCPA. *Id.* at *2. After the company sent him two unwanted text messages offering to list and sell his used car, the plaintiff filed a TCPA action, claiming that the text messages were solicitations under the TCPA. *Id.* The district court

dismissed the TCPA claim because "telephone solicitation" meant "calls encouraging a purchase by the consumer or user, rather than a purchase by the caller." *Id.* at *6.

5. In *Jance v. Homerun Offer, LLC*, No. CV-20-00482-TUC-JGZ, 2021 U.S. Dist. LEXIS 143145 (D. Ariz. July 30, 2021), the plaintiff received 29 calls on his cell phone from a purported "local investor" inquiring if the plaintiff had any interest in selling his property. *Id.* at *1. The plaintiff filed a TCPA lawsuit, alleging that the defendant had continuously initiated telephone solicitations, despite his requests to be put on their do-not-call list. *Id.* at *10. The court granted the defendant's motion to dismiss on the grounds that the definition of "telephone solicitation" within the statute and its implementing regulations did not "encompass[] a scenario in which the caller offers to buy something from the recipient of the call." *Id.* at *12. The court held that the TCPA's definitions of "solicitation" and "telemarketing" did "not include offers to purchase," so the plaintiff failed to state a claim under § 227(c) of the TCPA. *Id.* at *13.

Various other district courts have made similar determinations that the TCPA does not cover offers to buy. *See*, *Hunsinger v. Offer, LLC*, No. 3:21-CV-2846-BH, 2022 U.S. Dist. LEXIS 234862, 2022 WL 18143951, at *5 (N.D. Tex. Dec. 7, 2022) (district courts that have considered TCPA lawsuits have generally found that the terms "telephone solicitation" and "telemarketing" do not encompass calls for the purpose of offering to purchase something from the recipient); *Knutson v. Blue Light Security, Inc., No. 17cv134-LAB (JMA)*, 2018 U.S. Dist. LEXIS 36745, 2018 WL 1172611, at *9 (S.D. Cal. Mar. 5, 2018) (highlighting the language of the statutes text in § 64.1200(f)(1) (defining advertisement) and § 64.1200(f)(13) (defining telemarketing) do not include an offer to buy something); *Gross v. GG Homes, Inc.*, No. 3:21-cv-00271-DMS-BGS, 2021 U.S. Dist. LEXIS 127596, 2021 WL 2863623, at *23-24 (S.D. Cal. July 8, 2021) (where the defendant sent texts to plaintiff in order to procure services from the

plaintiff, the texts did not fall within the definition of telephone solicitation under the TCPA); *Mittelmark v. Yoga Joint South, LLC, No. 18-62138-CIV-DIMITROULEAS*, 2018 U.S. Dist. LEXIS 211620, 2018 WL 11460013, at *3 (S.D. Fla. Dec. 14, 2018) (whereby the court explained that "offering to purchase something from the text message recipient does not constitute telemarketing"); *Murphy v. DCI Biologicals Orlando, LLC*, No. 6:12-CV-1459-ORL, 2013 U.S. Dist. LEXIS 181732, 2013 WL 6865772, at *10 (M.D. Fla. Dec. 31, 2013) (granting motion to dismiss where the defendant did not encourage the text message recipient to make a purchase from it, but instead attempted to make a purchase from the recipient), *aff'd*, 797 F.3d 1302 (11th Cir. 2015); *Orea v. Nielsen Audio, Inc.*, 14-CV-04235-JCS, 2015 U.S. Dist. LEXIS 54916, 2015 WL 1885936, at *3 (N.D. Cal. Apr. 24, 2015) (stating that "telephone solicitations are calls intending to encourage a purchase by the listener, not the caller. Calls asking to purchase [something from the listener] are not telephone solicitations.")

Here, the three (3) text messages at issue do not fit within the definition of "telephone solicitation" under the TCPA because they are not for "the purchase or rental of, or investment in, property, goods, or services." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15). Rather, Toyota was sending text messages to Plaintiff because: (1) "You got your Camry from us a little while ago. I'm looking for used vehicles right now and naturally Camry is always great for us to carry" and (2) to "know if you have any availability for quick phone call regarding your 2018 Camry." (Plt's Complt. ECF No. 2, at ¶¶ 12, 15, and 17.) For the reasons discussed in the aforementioned cases, the TCPA does not include situations in which the caller is seeking to buy; rather the TCPA only covers offers to sell. If Congress had intended to include offers to buy as a solicitation under the TCPA, it could have done so, but that language is simply not there.

## III. CONCLUSION

Wherefore, Defendant respectfully requests that this Honorable Court grants its Motion for Judgment on the Pleadings.

Respectfully submitted,

/s/ Matthew M. Ries
Matthew M. Ries (#0083736)
HARRINGTON, HOPPE & MITCHELL, LTD.
108 Main Ave. SW, Suite 500
Warren, OH 44481
Tel. 330-392-1541
Fax. 330-744-2029
Email: mries@hhmlaw.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I certify that on November 26, 2025, I electronically filed the foregoing paper with the Clerk of Court using the ECF System, which will send notification of such filing to all counsel of record.

/s/ Matthew M. Ries
Matthew M. Ries (#0083736)
HARRINGTON, HOPPE & MITCHELL, LTD.