# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RICK SHAFER,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA OF BOARDMAN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 4: 25-CV-00941-BMB<br><br>JUDGE BRIDGET MEEHAN BRENNAN<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS** |

Plaintiff's Opposition relies heavily on speculation and conjecture, cites zero caselaw to address the dozens of cases in support of Defendant's Motion for Judgment on the Pleadings, and confirms that judgment in favor of Defendant is warranted.

As an initial matter, Plaintiff does not dispute that a company's text messages seeking to make a purchase *from* a customer do not constitute a "telephone solicitation", as required to state a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"). Rather, Plaintiff attempts to distinguish this situation by relying on the language *in a single text message* in which Defendant's employee asks about purchasing Plaintiff's 2018 Camry from him and ends the text message offering an upgrade to facilitate Defendant's purchase of Plaintiff's vehicle.

As discussed below, the mere fact that a company's offer to purchase contains communications that could result in a future transaction or profit for the company does not transform that purchase inquiry into a "telephone solicitation" under the TCPA.

Perhaps more importantly, even if the October 29, 2024 text message could be construed as a "telephone solicitation" due to the "upgrade" comment at the end, the other two (2) text

messages make zero reference to "the purchase or rental of, or investment in, property, goods, or services" as required by the TCPA and cannot constitute "telephone solicitations" as a matter of law.

## I. LAW AND ARGUMENT

### A. <u>The Possibility of a Future Transaction or Occurrence in a Single Message Does Not Result in a TCPA Violation</u>

The three (3) text messages at issue speak for themselves - Defendant's stated purpose in the text messages was to inquire about buying back Plaintiff's 2018 Camry because Defendant was "looking for used vehicles right now and naturally Camry is always great for us to carry looking for used vehicles to carry". (Plt's Complt. ECF No. 2, at ¶¶ 12, 15, and 17.) Defendant never sent a text message offering a product or service for sale as required to state a claim under the TCPA. *See,* 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15).

However, Plaintiff seeks to hang his hat on the last portion of a single text message in which Defendant mentioned "upgrading" as a means to accomplish that buy back. Plaintiff asks this Court to ignore the stated purpose of these text messages because the "upgrading" language could lead to the future sale of a vehicle where Defendant would make money. But it is well settled that, although a text message may ultimately lead to a future purchase by the recipient, that potential outcome does not convert a text message into a "telephone solicitation" under the TCPA. *Edelsberg v. Vroom, Inc.*, 2018 U.S. Dist. LEXIS 50420, *16 (S.D. FL. March 27, 2018); *see also Daniel v. Five Stars Loyalty, Inc*., 2015 U.S. Dist. LEXIS 159007, *12 (N.D. Cal. November 24, 2015). The TCPA regulates singular calls and a business's overall goal or business model cannot be used to transform the purpose behind a text message. *Newhart v. Quicken Loans Inc.*, 2016 U.S. Dist. LEXIS 168721, *8 (S.D. FL October 12, 2016).

In *Vroom*, *supra*, the defendant was a car retailer that bought and sold used vehicles. *Id*. at 2. The defendant sent a text message to the plaintiff inquiring about purchasing his vehicle followed by a link to the defendant's website marketing cars for sale. *Id*. at 13. The *Vroom* Court dismissed the plaintiff's TCPA claim on the grounds that the inquiry to purchase the plaintiff's vehicle was not a "solicitation" under the TCPA and "[w]hile it is apparent that visiting [defendants'] website 'could result in the increase in the chances' of [plaintiff] purchasing a used car sold by [defendant], [plaintiff] 'cites no authority indicating that this degree of connection between communication and purchase is sufficient to transform a text of the sort he received into a telemarketing message." *Id*. at 13. The *Vroom* Court ruled that "communications that merely include <u>collateral opportunities to purchase something</u> from the caller" do not rise to the level of a TCPA violation. (Emphasis added.) *Id*. at 16, citing *Smith v. Blue Shield of Cal. Life & Health Ins. Co.*, 228 F. Supp. 3d 1056, 1067 (C.D. Cal. Jan. 13, 2017) (the TCPA requires "a clear, unequivocal implication of advertising"); *Daniel v. Five Stars Loyalty, Inc*., 2015 U.S. Dist. LEXIS 159007, *12 (N.D. Cal. November 24, 2015), at *4 (finding that even though the defendant's text "could result in an increase in the chances of [the plaintiff] making future purchases" from the defendant, "that purpose is simply too attenuated to make the text telemarketing within the meaning of 47 C.F.R. § 64.1200(f)(12)").

Importantly, the *Vroom* Court concluded that: "The mere potential that Vroom could sell Edelsberg a car pursuant to its attempt to purchase his car does not change the fact that the purpose of Vroom's initial message was to inquire about purchasing Edelsberg's vehicle." *Id*. at 19, *citing Broking v. Green Brook Buick GMC Suzuki*, CV151847BRMLHG, 2017 U.S. Dist. LEXIS 134026, 2017 WL 3610490, at *5 (D.N.J. Aug. 22, 2017) (concluding that defendant's ultimate

goal of selling more cars to former customers did not transform every communication it made to former customers into telemarketing).

Here, the three (3) text messages at issue do not fit within the definition of "telephone solicitation" under the TCPA. *See*, 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15). Rather, the text messages make clear that Defendant was sending text messages to Plaintiff to inquire about buying back his 2018 Camry. The mere inclusion of the "upgrading" language as a means to accomplish that buy back does not convert this buy back inquiry into a TCPA violation or change the stated purpose of Defendant's initial text message to inquire about buying back Plaintiff's 2018 Camry.

Plaintiff argues that:

> If Plaintiff were to trade in his Camry and the sale price went towards the cost of an upgraded vehicle, Plaintiff would still have to pay the difference between the cost of the upgraded vehicle and the trade-in price of his Camry. He would not ultimately make money from this transaction—he would be spending it.

(Plt's Opp. ECF No. 15, at p. 9.)

Plaintiff's argument is a desperate "what if" hypothetical that is *nowhere* in any of the text messages or the pleadings. This is completely unfounded speculation. Plaintiff is actually putting words in Defendant's mouth in an attempt to transform the non-actionable text messages in the Complaint into "telephone solicitations" under the TCPA and sidestep his deficiently pled claims.

## B. <u>Plaintiff Cannot Identify a Second Solicitation in a 12-Month Period</u>

Even assuming *arguendo* that the October 29, 2024 text message could somehow be construed as a "telephone solicitation" under the TCPA due to inclusion of the "upgrading" comment, that is Defendant's only text message that references an upgrade. The other two (2) text messages state as follows:

- Hey Richard, this is Jay from Toyota of Boardman. Let me know if you have any availability for quick phone call regarding your 2018 Camry.

and

- Hello Richard, this is Jason Albanese with Toyota of Boardman. May I communicate with you via text? Reply YES to confirm, or reply STOP at anytime to end.

(Plt's Complt. ECF No. 2, at ¶¶ 12, 15, and 17.)

As a matter of law, these text messages do not "promote the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person ...." as required to state a claim under the TCPA. *Se*e, 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15). It is well settled that a TCPA claim is not actionable until a person **receives more than one (1) telephone solicitation within a 12-month period**. *See, Hamilton v. Spurling*, No. 3:11cv00102, 2013 U.S. Dist. LEXIS 38585, at *14-16 (S.D. Ohio Mar. 20, 2013).

While Plaintiff argues that the October 29, 2024 message "sets the tone" for the two (2) subsequent text messages, a plain reading of these text messages confirms that they do not mention or reference the sale of a product or service. Rather, the *only* product mentioned in either of these text messages was Plaintiff's 2018 Camry. To hold that these text messages constitute a TCPA violation is not only contrary to the numerous cases cited in Defendant's Motion, but would create an exception that swallows the rule, resulting in an automatic TCPA

violation any time a company sends a second text message, within a 12-month period, regardless of whether or not that text message constitutes a "telephone solicitation" as defined by the TCPA.

## III. CONCLUSION

Wherefore, Defendant respectfully requests that this Honorable Court grants its Motion for Judgment on the Pleadings.

Respectfully submitted,

/s/ Matthew M. Ries

Matthew M. Ries (#0083736)
HARRINGTON, HOPPE & MITCHELL, LTD.
108 Main Ave. SW, Suite 500
Warren, OH 44481
Tel. 330-392-1541
Fax. 330-744-2029
Email: mries@hhmlaw.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I certify that on January 5, 2026, I electronically filed the foregoing paper with the Clerk of Court using the ECF System, which will send notification of such filing to all counsel of record.

/s/ Matthew M. Ries

Matthew M. Ries (#0083736)
HARRINGTON, HOPPE & MITCHELL, LTD.