# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RICK SHAFER,** individually and on behalf of all others similarly situated,

    *Plaintiff(s),*

v.

**TOYOTA OF BOARDMAN,**

    *Defendant(s).*

Case No. 4:25-cv-00941-BMB

Judge Bridget Meehan Brennan

## JOINT MOTION TO MODIFY SCHEDULING ORDER

Plaintiff, Rick Shafer, and Defendant, Toyota of Boardman. (collectively "the Parties") jointly request, under Federal Rule of Civil Procedure 6(b)(1) to extend the deadlines in this Court's Scheduling Order [ECF No. 10] by two months as follows:

- Class Certification Deadline from March 1, 2026 to May 1, 2026;
- Plaintiff's expert report deadline from March 16, 2026 to May 16, 2026;
- Defendant's expert report deadline from April 16, 2026 to June 16, 2026;
- Fact and expert discovery deadlines from May 16, 2026 to July 16, 2026; and
- Dispositive Motion deadline from July 17, 2026 to September 17, 2026.

In support of their Motion, the Parties state as follows:

1. On May 8, 2025, Plaintiff filed this Telephone Consumer Protection Act ("TCPA") class action alleging Defendant sent unlawful text message solicitations to Plaintiff and the putative class after Plaintiff made requests to opt out from Defendant's text message communications and whole their telephone numbers were listed on the National Do Not Call Registry without their prior express consent. [ECF No. 1]. Defendant denies it has violated the TCPA.

2. Since the filing of this case, Plaintiff has diligently prosecuted this action, and both Parties have been actively engaged in cooperative discovery. The Parties have worked together to obtain critical discovery to potentially resolve this case—specifically, text message logs from Defendant's two text message vendors.

3. The Parties now seek a modest extension of time to allow the parties to discuss settlement and explore the potential for mediation prior to additional costly motion practice – specifically the motion for class certification. Plaintiff's data expert has thoroughly analyzed the class data and prepared his expert report. Defendant is reviewing the data and considering the possibility of mediation, which the parties are considering for March or April, 2026 (subject to mediator availability), rather than simultaneously rushing to meet the class certification discovery and motion deadlines.

4. Since the Parties' initial conference pursuant to Federal Rule of Civil Procedure 26, both Parties have taken substantial discovery and have conferred several times (including with both of Defendants' text message vendors, CDK Global and DriveCentric) regarding the text message logs that are critical to analyzing class certification issues under Federal Rule 23.

5. On February 17, 2026, the Parties held a meet-and-confer specifically regarding this Motion and the status of the upcoming motion for class certification. During that conference, the Parties discussed the results of the text log analysis from Defendant's two text message vendors.

6. The Parties' cooperative efforts have successfully secured production from both vendors to produce this essential discovery without requiring Court intervention or third-party discovery disputes.

7. Further, the Parties are contemplating mediating this case in March or early April, 2026 (depending on mediator availability). The parties remain firmly committed to resolution of this

matter and wish to dedicate their time and resources to preparing for productive and meaningful settlement negotiations.

8. At this point, the Parties wish to continue working together to analyze the text message logs with their respective experts and to explore thoroughly for settlement negotiations and potentially mediation. The Parties believe that preserving resources that, if not spent in premature litigation, may be available to resolve the claims of the putative class alleged in Plaintiff's Complaint serves the interests of all parties and judicial economy.

9. In light of the Parties' joint successful efforts to obtain complete text message log production from both vendors and the need for both Parties to explore settlement negotiations and potential mediation in March or April, 2026, the Parties hereby jointly seek a two month extension of the following deadlines set forth in this Court's Scheduling Order:

10. A proposed order is attached hereto as **Exhibit A.**

11. Enlargements of time are permitted with good cause by Federal Rule of Civil Procedure 6(b). Such enlargements of time should be liberally granted absent a showing of bad faith or undue prejudice. *See, e.g., Lizarazo v. Miami-Dade Corrections & Rehab. Dept.*, 878 F.3d 1008, 1012 (11th Cir. 2017) (citing U.*S. v. Miller Bros. Constr. Co.*, 505 F.2d 1031, 1035 (10th Cir. 1974)).

12. Good cause is met where "the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note) (quotations omitted); *Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent.").

13. Good cause exists for the requested extension. Both Parties have diligently pursued the text message log discovery. Rather than engaging in contentious discovery disputes or burdening this

Court with third-party subpoena enforcement motions, the Parties have worked cooperatively and successfully with Defendant's two text message vendors to secure their agreement to produce the requested logs. This cooperative approach demonstrates the Parties' commitment to efficient litigation and has resulted in both vendors agreeing to produce without Court intervention.

14. Moreover, the Parties only received the second half of the text log production from CDK Global on February 5, 2026 which Defendant needs time to analyze ahead of the parties potential mediation.

15. Additionally, the two-month extension will provide both Parties adequate time to explore settlement and potentially prepare for a March or April mediation with complete class data and expert analysis in hand. This increases the likelihood of a successful mediated resolution, which would conserve both Party and judicial resources and serve the interests of judicial economy.

16. Based on the foregoing, pursuant to Fed. R. Civ. P. 6(b)(1)(A), the Parties have demonstrated good cause to extend the current deadlines. The Parties conferred on February 17, 2026, and both Parties agree to this extension. No party will be prejudiced by the relief requested in this Motion. This Motion is made in good faith, not for purposes of delay, and reflects the Parties' cooperative efforts to efficiently litigate this case while preserving the possibility of mediated resolution.

WHEREFORE, the Parties respectfully request that the Court grant this Motion and extend the aforementioned deadlines identified above by two months as set forth herein.

Dated: February 17, 2026,

Respectfully submitted,

By: */s/ Andrew J. Shamis*
Andrew J. Shamis, Esq.
Ohio Bar No. 100846
**SHAMIS & GENTILE, P.A.**

14 NE 1st Avenue, Suite 705
Miami, FL  33132
Telephone: 305-479-2299
ashamis@shamisgentile.com

*Counsel for Plaintiff*

By: */s/ Matthew M. Ries*
Matthew M. Ries, #0083736
HARRINGTON, HOPPE & MITCHELL, LTD.
108 Main Avenue, S.W., Suite 500
Warren, OH   44481
Tel. 330-392-1541
Fax 330-394-6890
Email: MRies@hhmlaw.com

*Attorney for Defendant*